**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TIMOTHY BARNSTEAD<br>11206 Hawks Place<br>Spotsylvania, Virginia 22551<br><br>*Plaintiff,*<br><br>v.<br><br>CARDINAL COMMUNICATIONS LLC<br>210 Flagstone Road<br>Chester Springs, Pennsylvania 19425 and<br><br>MATTHEW J. MCCARRIE<br>210 Flagstone Road<br>Chester Springs, Pennsylvania 19425<br><br>*Defendants.* | CIVIL ACTION<br><br>No. ___________________<br><br>JURY TRIAL DEMANDED |

**CIVIL ACTION COMPLAINT**

Plaintiff, Timothy Barnstead (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby avers as follows:

## I. Introduction

1. Plaintiff is a minority member of a limited liability company (Cardinal Communications LLC).

2. Plaintiff has initiated the instant action to obtain relief for ongoing minority member oppression, unlawful and unilateral cancellation of his rights as a member, breach of contract, breach of fiduciary duty, wrongful denial of access to corporate records, and other violations of applicable law.

## II. Parties

3. The foregoing paragraphs are incorporated as if set forth in their entirety herein.

4. Plaintiff is an adult individual and a citizen of the Commonwealth of Virginia with an address as captioned above.
5. Defendant Cardinal Communications LLC (hereinafter "Defendant Cardinal Communications") is a corporation based in Chester Springs, Pennsylvania (PA entity No. 7180381) with a principal address as captioned above.
6. At all times relevant herein, Defendant Cardinal Communications acted through its agents, servants and employees (including but not limited to Defendant Matthew J. McCarrie), each of whom was in the course and scope of their agency relationship.
7. Defendant Matthew J. McCarrie (hereinafter "Defendant McCarrie") is an adult individual and a citizen of the Commonwealth of Pennsylvania with an address as captioned above.

## III. <u>Jurisdiction And Venue</u>

8. The foregoing paragraphs are incorporated as if set forth in their entirety herein.
9. Plaintiff is a citizen of the Commonwealth of Virginia.
10. Defendant Cardinal Communications is a citizen of the Commonwealth of Pennsylvania and maintains its principal place of business in the Commonwealth of Pennsylvania.
11. Defendant McCarrie is a citizen of the Commonwealth of Pennsylvania.
12. The Court may properly maintain personal jurisdiction over both Defendants because their contacts with the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania are sufficient for the exercise of jurisdiction over them to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

13. The Court may also exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction) because it is between citizens of different states and because it involves an amount in controversy in excess of $75,000.00 exclusive of interest and costs.

14. Venue is properly laid in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendants reside in this judicial district and regularly conduct business in this judicial district, and because the acts and omissions giving rise to the claims set forth herein occurred in this judicial district.

## IV. Operative Facts

15. The foregoing paragraphs are incorporated as if set forth in their entirety herein.

### a. Background of the establishment and operations of Defendant Cardinal Communications.

16. Defendant Cardinal Communications was registered with the Commonwealth of Pennsylvania as a limited liability company on December 17, 2020.

17. Since that time, Defendant Cardinal Communications has operated as a provider of audio and wireless radio accessories, enjoyed a large customer base, and has become increasingly profitable year over year.

18. Defendant Cardinal Communications reported total sales of $1,748,295.00, a gross profit of $910,285.00, and property valued at $346,106.00 for tax year 2024.

19. Information for tax year 2025 is unavailable to Plaintiff due to the repeated refusal of Defendants to produce current financial information despite request, as averred *infra.*

20. On December 30, 2021, Plaintiff and Defendant McCarrie executed a Limited Liability Company agreement (hereinafter "the Agreement") establishing their respective ownership interests in Defendant Cardinal Communications. *See* attached Exhibit 1.

21. The Agreement identifies the "primary place of business" of Defendant Cardinal Communications as 210 Flagstone Road, Chester Springs, Pennsylvania. *See* attached Exhibit 1, Section I (C).

22. The Agreement provides that Plaintiff holds a Forty-Nine Percent (49%) ownership interest in Defendant Cardinal Communications. *See* attached Exhibit 1, Section III (A).

23. The Agreement provides that Defendant McCarrie holds a Fifty-One Percent (51%) ownership interest in Defendant Cardinal Communications. *See* attached Exhibit 1, Section III (A).

24. The Agreement provides that the members of Defendant Cardinal Communications ". . . shall owe fiduciary duties of disclosure, good faith and fair dealing to the Company and to the other Members." *See* attached Exhibit 1, Section III (H) (3).

25. Pursuant to the Agreement, "[a]ll financial records including tax returns and financial statements are held at the Company's primary business address (which is in Chester Springs, Pennsylvania, *see* paragraphs 18 and 21, *supra*) and will be accessible to all members." *See* attached Exhibit 1, Section IV (B).

**b. <u>Defendant McCarrie's wrongful termination of Plaintiff's membership.</u>**

26. The foregoing paragraphs are incorporated as if set forth in their entirety herein.

27. On or about June 3, 2026, during a conference call with Plaintiff and Michael J. Burns, Esquire (an attorney purporting to represent Defendant Cardinal Communications),

Defendant McCarrie unilaterally and unlawfully advised Plaintiff that he was "terminated" as a member of Defendant Cardinal Communications, effective immediately.

28. The Agreement (*see* attached Exhibit 1) provides no basis upon which Plaintiff's ownership interest may be unilaterally "terminated."

29. Since June 3, 2026, Plaintiff has received no distributions or compensation from Defendant Cardinal Communications.

30. Although limited information is available due to Defendants' refusal to produce information to Plaintiff despite request, *see infra,* since June 3, 2026, Defendant McCarrie has engaged in ongoing mismanagement of Defendant Cardinal Communications to the detriment of the corporation and of Plaintiff, in that he has:

    a. failed to service active customers;
    b. failed to communicate with customers;
    c. failed to pay bills and accounts as they come due;
    d. locked Plaintiff out of access to credit accounts that were opened on behalf of Defendant Cardinal Communications under Plaintiff's name;
    e. failed to bring the foregoing accounts current despite demand by Plaintiff, and (by virtue of Plaintiff's inability to access said accounts) made it impossible for Plaintiff to pay those accounts and protect his credit and that of Defendant Cardinal Communications.
    f. Engaged in additional misconduct and mismanagement as may be determined after Plaintiff has been afforded an opportunity to inspect the records of Defendant Cardinal Communications.

31. The details regarding the mismanagement and current finances of Defendant Cardinal Communications are largely unknown to Plaintiff due to Defendants' refusal to provide him with the financial and other information he has repeatedly requested, and Plaintiff therefore respectfully requests entry of an Order pursuant to 15 Pa. C.S. § 8850. *See infra.*

**c. <u>Defendants' repeated and ongoing failure to provide Plaintiff with essential information related to Defendant Cardinal Communications LLC despite demand.</u>**

32. The foregoing paragraphs are incorporated as if set forth in their entirety herein.

33. All financial records of Defendant Cardinal Communications, including tax returns and financial statements, are physically held at the company's primary business address in Chester Springs, Pennsylvania. *See* paragraphs 18 and 22, *supra* and Exhibit 1.

34. Defendants, despite repeated written demands by Plaintiff, have refused to provide any financial and other requested information related to Defendant Cardinal Communications to Plaintiff, and have repeatedly violated their own written commitments to provide same.

35. By way of example, *see* the attached Exhibit 2 (July 1, 2026 response to a June 16, 2026 demand by Plaintiff's prior legal counsel, agreeing to provide information); *see also* Exhibit "3" (September 16, 2026 email from Defendants' prior counsel claiming that the requested information would be provided by October 1, 2026).

36. As of the date of this filing, none of the requested information has been provided.

37. Plaintiff has been requesting financial and other information related to Defendant Cardinal Communications for a period of nearly four (4) months and has received *nothing.*

38. It is clear that Defendants (despite their repeated commitments to provide Plaintiff with requested financial information) are refusing to provide that information in bad faith.

39. As a result of the foregoing refusal, Plaintiff is severely prejudiced in his ability to enforce his rights under the Agreement.

40. The parties conducted a pre-litigation mediation session required by the Agreement on September 16, 2025. *See* attached Exhibit 1, Section X.

**COUNT ONE**
**REQUEST FOR ORDER PERMITTING INSPECTION OF LLC RECORDS PURSUANT TO 15 PA. C.S. § 8850**
**(PLAINTIFF v. BOTH DEFENDANTS)**

41. The foregoing paragraphs are incorporated as if set forth in their entirety herein.

42. Pursuant to Pennsylvania law, Plaintiff has an absolute right to inspect " . . . any record maintained . . ." by Defendant Cardinal Communication " . . . regarding the company's activities, affairs, financial condition and other circumstances." *See* 15 Pa. C.S. § 8850 (a).

43. 15 Pa. C.S. § 8850 (i) provides, in pertinent part, as follows:

> Enforcement of right to information. - If a limited liability company, or a manager, member or agent thereof, refuses to permit an inspection sought by a person or attorney or other agent acting for the person pursuant to this section, or does not reply to the demand made under this section within 10 days after the demand has been received, the person seeking inspection may file an action in the court for an order to compel the inspection. The court is vested with exclusive jurisdiction to determine whether or not the person seeking inspection is entitled to the inspection sought. The court may summarily order the company to permit the person to inspect the information and to make copies or extracts therefrom.

44. Moreover, the Agreement provides for access to all financial information and records related to Defendant Cardinal Communications LLC. *See supra* paragraph 25 and the attached Exhibit 1, Section IV (B).

45. Defendants have flagrantly and repeatedly violated the foregoing provision of the Agreement.

46. Defendants have deliberately failed and refused to produce the financial information repeatedly requested by Plaintiff within ten (10) days of requests for same, as required by Pennsylvania law.

47. Nearly four (4) months have gone by and Plaintiffs' repeated requests for information have gone ignored.

WHEREFORE, Plaintiff respectfully requests the relief set forth in the attached *Ad Damnum* clause.

**COUNT TWO**
**BREACH OF CONTRACT**
**(PLAINTIFF v. BOTH DEFENDANTS)**

48. The foregoing paragraphs are incorporated as if set forth in their entirety herein.

49. On or about June 3, 2026, Plaintiff held a 49% ownership interest in Defendant Cardinal Communications.

50. On or about June 3, 2026, Defendant McCarrie unilaterally advised Plaintiff that he was allegedly "terminated" as a member of Defendant Cardinal Communications, effective immediately.

51. The December 30, 2021 Agreement (*see* attached Exhibit 1) was entered into by Plaintiff and Defendant McCarrie for good and lawful consideration.

52. The December 30, 2021 Agreement is a valid and enforceable contract executed by Plaintiff and Defendant McCarrie.

53. The December 30, 2021 Agreement provides no basis upon which Plaintiff's ownership interest may be unilaterally "terminated" or by which he may be unilaterally divested of his lawful 49% interest.

54. Plaintiff did not (and does not) agree with or accede to the foregoing wrongful termination of his ownership interest.

55. The purported termination of Plaintiff's rights was in bad faith and without any lawful basis.

56. In terminating Plaintiff's rights under the Agreement and in refusing to provide financial and other corporate information to Plaintiff despite repeated request, Defendants have committed multiple breaches of contract.

57. Plaintiff has sustained damages as a direct and proximate result of the foregoing breach of contract.

58. Plaintiff's precise damages cannot be ascertained until he is permitted to inspect the financial records of Defendant Cardinal Communications as requested in Count One, *supra,* but it is believed and therefore averred that his damages exceed $75,000.00 exclusive of interest and costs.

WHEREFORE, Plaintiff respectfully requests the relief set forth in the attached *Ad Damnum* clause.

**COUNT THREE**
**BREACH OF FIDUCIARY DUTY**
**(PLAINTIFF v. DEFENDANT MCCARRIE)**

59. The foregoing paragraphs are incorporated as if set forth in their entirety herein.

60. As the majority and controlling member of Defendant Cardinal Communications, holding a 51% ownership interest, Defendant McCarrie acts as a fiduciary to the company and to Plaintiff.

61. The Agreement provides that the members of Defendant Cardinal Communications ". . . shall owe fiduciary duties of disclosure, good faith and fair dealing to the Company and to the other Members." *See* attached Exhibit 1, Section III (H) (3).

62. By acting as averred *supra,* Defendant McCarrie has breached his fiduciary duties to Plaintiff and has failed to act in accordance with the duties of good faith and fair dealing he assumed: (a) under applicable law; and (2) pursuant to the Agreement.

63. As a result of the Defendant McCarrie's breaches of fiduciary duty as aforesaid, Plaintiff has suffered (and will continue to suffer) substantial damage, including but not limited to loss of profits and corporate distributions.

64. Defendant McCarrie has acted knowingly, intentionally, willfully, maliciously, and in bad faith, with the deliberate intention of harming Plaintiff.

65. Defendant McCarrie's misconduct is causing - and will continue to cause - immediate and irreparable harm to Plaintiff.

66. The conduct of Defendant McCarrie has also caused Plaintiff to suffer compensatory, incidental, and consequential damages, the precise amount of which requires access to the records of Defendant Cardinal Communications (*see* Count One, *supra*) and which will be established at time of trial.

67. Plaintiff's precise damages cannot be ascertained until he is permitted to inspect the financial records of Defendant Cardinal Communications as requested in Count One, *supra,* but it is believed and therefore averred that his damages exceed $75,000.00 exclusive of interest and costs.

68. As a result of Defendant McCarrie's breaches of fiduciary duty and other wrongful conduct, an award of punitive damages against him personally is also justified to deter similar conduct by him or by others in the future.

WHEREFORE, Plaintiff respectfully requests the relief set forth in the attached *Ad Damnum* clause.

**COUNT FOUR**
**(DERIVATIVE BREACH OF FIDUCIARY CLAIM)**

69. The foregoing paragraphs are incorporated as if set forth in their entirety herein.

70. Plaintiff also asserts a claim for breach of fiduciary duty, derivatively in the right and for the benefit of Cardinal Communications LLC and for the purpose of rectifying injury suffered by that entity as a result of Defendant McCarrie's multiple breaches of fiduciary duty to Cardinal Communications LLC.

71. The Agreement provides that the members of Defendant Cardinal Communications ". . . shall owe fiduciary duties of disclosure, good faith and fair dealing to the Company . . .". *See* attached Exhibit 1, Section III (H) (3).

72. By acting as averred *supra,* Defendant McCarrie has breached his fiduciary duties to Defendant Cardinal Communications and has failed to act in accordance with the duties of good faith and fair dealing he assumed: (a) under applicable law; and (2) pursuant to the Agreement.

73. For the purposes of the instant derivative claim, Defendant Cardinal Communications has been named as a nominal defendant solely in a derivative capacity.

74. The instant action is not a collusive action to confer jurisdiction on this Court that it could not otherwise exercise.

75. The prosecution of this action is in the best interests of Defendant Cardinal Communications.

76. The wrongful acts complained of herein, including the mismanagement outlined *supra,* have subjected and will continue to subject Cardinal Communications LLC to ongoing damages.

77. Any derivative demand made to Cardinal Communications LLC would be futile in this case because: (a) Plaintiff has essentially been "frozen out" of the operations of Cardinal Communications LLC; and (b) because Plaintiff's demands for financial and other information have been deliberately ignored.

WHEREFORE, Plaintiff respectfully requests the relief set forth in the attached *Ad Damnum* clause.

## ***AD DAMNUM* CLAUSE**

WHEREFORE, Plaintiff respectfully requests the following relief:

a. That Plaintiff's claims receive a trial by jury pursuant to Fed. R. Civ. P. 38;

b. On Count One, entry of an Order requiring Defendants to immediately permit Plaintiff to inspect all records of Defendant Cardinal Communications within the scope of 15 Pa. C.S. § 8850;

c. On Count Two, judgment in favor of Plaintiff and against both Defendants, and an award of compensatory damages to Plaintiff;

d. On Count Three, judgment in favor of Plaintiff and against Defendant McCarrie, and an award of compensatory damages to Plaintiff;

e. On Count Three, an award of punitive damages to Plaintiff and against Defendant McCarrie;

f. On Count Four, an award of damages and/or injunctive relief in favor of Cardinal Communications LLC; and

g. On all Counts, the entry of an Order providing any and all such additional relief as the Court deems just and proper, including equitable and/or injunctive relief.

Respectfully submitted,

WAYNE A. ELY

BY: /S/ Wayne A. Ely

Wayne A. Ely, Esquire
Attorney for Plaintiff Timothy Barnstead
59 Andrea Drive
Richboro, Pennsylvania 18954
(215) 801-7979

October 12, 2026